## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAVERNA PEAY<br>1 Jamie Ct.<br>Clemington, NJ 08021 | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.:_____ |
| v. | : | |
| | : | |
| ARAMARK CORPORATION | : | |
| d/b/a ARAMARK FACILITIES | : | **JURY TRIAL DEMANDED** |
| 1101 Market St. | : | |
| Philadelphia, PA 19107 | : | |
| and | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |
| 3101 Walnut St. | : | |
| Philadelphia, PA 19104 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Laverna Peay, by and through her undersigned counsel, hereby avers as follows:

### I.   INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Aramark Corporation and

the University of Pennsylvania (*hereinafter* collectively referred to as "Defendants" unless

indicated otherwise) of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§

621 *et. seq.*), Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et.*

*seq.*), 42 U.S.C. §1981, and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was

subjected to discrimination based on her advanced age and race and she suffered damages more

fully described/sought herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include a claim under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADEA and Title VII claims identically.

## II.     JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the ADEA and Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III.     PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Aramark (*hereinafter* "Defendant") is a corporation with a location at the above-captioned address which provides food service, facilities and uniform services to

hospitals, universities, school districts, stadiums and other businesses around the world, including the University of Pennsylvania (where Plaintiff physically worked).

9.      Defendant University of Pennsylvania ("Defendant UOP") is a university located in Philadelphia, Pennsylvania.

10.     Plaintiff physically worked at Defendant UOP in Philadelphia, PA for approximately 2.5 years and was placed there through a contractor service company called SSC Service Solutions/Compass Group, USA. However, even though she was paid SSC Service Solutions/Compass Group, USA during her tenure with Defendant UOP, she was still treated in all functional respects like an employee while working within Defendant UOP. For example, Defendant UOP's management had the ability to recommend discipline to Plaintiff, give directive to Plaintiff, and have input in managerial decisions regarding Plaintiff's employment. Thus, for the foregoing reasons, Defendant UOP may be treated as a single and/or joint employer for purposes of the instant action.

11.     In or about the Spring of 2016, Defendant Aramark was announced as the new service contractor for Defendant UOP, beginning on or about July 1, 2016.

12.     When Defendant Aramark became the new service contractor for Defendant UOP, Defendant Aramark and Defendant UOP jointly made decisions regarding the continued employment of SSC Service Solutions/Compass Group, USA employees, including Plaintiff.

13.     Therefore, based on the foregoing, Defendant Aramark may be treated as a single and/or joint employer for purposes of the instant action.

14.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.   **FACTUAL BACKGROUND**

15.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16.    Plaintiff is a 57-year-old African-American (black) female.

17.    Since in or about December of 2013, Plaintiff was employed and paid by a service contractor company called SSC Service Solutions/Compass Group, USA; however, she was physically working at Defendant UOP as a housekeeping supervisor.

18.    Plaintiff had physically worked at Defendant UOP for approximately 2.5 years, wherein she was given directive by Defendants' management and wherein Defendant's UOP's management had input regarding managerial decisions pertaining to Plaintiff's employment.

19.    While employed as a housekeeping supervisor, Wendy Sparks – Director of Housekeeping for Defendant UOP – had input in employment decisions regarding Plaintiff and other employees of SSC Service Solutions/Compass Group, USA, including but not limited to assignments, directives, discipline, and termination.

20.    During the time period that Ms. Sparks was Director of Housekeeping (from in or about July of 2014 through Plaintiff's separation in or about June of 2016), she exhibited discriminatory animus and hostility towards older and African-American/black workers. For example, unlike non-black and younger employees, Ms. Sparks would treat older and African-American (black) employees in a rude and condescending manner, belittle them, and attempt to find reasons to discipline and/or terminate them. Plaintiff did not observe younger and/or Caucasian/non-black employees being treated in the same manner.

21.    In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

4

22.    Despite the fact that Plaintiff had worked at Defendant UOP for 2.5 years and had a solid work history, she was not retained and/or hired by Defendants; however, younger, Caucasian employees, who held the same or similar job as Plaintiff, were retained. In addition, younger, Caucasian individuals were also hired from outside of SSC Service Solutions/Compass Group, USA to fill vacant positions that older and/or African-American (black) employees of SSC Service Solutions/Compass Group, USA used to hold.

23.    There were multiple other employees of SSC Service Solutions/Compass Group, USA who were African-American (black) and/or over the age of 40 who were also not retained despite their skills, work ethic, and seniority.

24.    Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group, USA when Defendant Aramark was awarded the service contract with Defendant UOP.

25.    Upon further information and belief, Defendants did not consider seniority, discipline, or other neutral criteria and hired/retained younger and/or Caucasian employees to fill vacant positions that older and/or African-American/black employees used to hold.

26.    Plaintiff was terminated from Defendant UOP (due to Defendants' decision not to retain and/or hire her) on or about June 30, 2016.

27.    Plaintiff believes and therefore avers that she was terminated and/or not retained by Defendants because of her advanced age and/or because of her race.

**First Cause of Action**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**
**-Against Both Defendants-**

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

29.     While employed with Defendant UOP, under the supervision of Ms. Sparks, Plaintiff, and other older workers, were subjected to discriminatory treatment (discussed *supra*) because of their advanced age.

30.     In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

31.     In or about the Summer of 2016, Plaintiff was informed that she had not been retained and/or hired by Defendant Aramark to work at Defendant UOP and she was not provided with any logical or legitimate reason as to why she had not be retained and/or hire.

32.     There were multiple other employees of SSC Service Solutions/Compass Group, USA who were over the age of 40 and were also not retained despite their skills, work ethic, and seniority.

33.     Younger employees, who held the same or similar job as Plaintiff, were retained and other younger individuals were also hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that older employees of SSC Service Solutions/Compass Group, USA used to hold.

34.     Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminated from SSC Service Solutions/Compass Group, USA.

35.     Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group, USA when Defendant Aramark was awarded the services contract with Defendant UOP.

36.     Plaintiff believes and therefore avers that she was not retained and/or hired with Defendants because of her advanced age.

37.     These actions as aforesaid constitute unlawful discrimination under the ADA.

## Second Cause of Action
## Violations of 42 U.S.C. § 1981 ("Section 1981")
### (Race Discrimination)
### -Against Both Defendants-

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

39.     While employed with Defendant UOP under the supervision of Ms. Sparks, Plaintiff, and other African-American (black) workers, were subjected to discriminatory treatment (discussed *supra*) because of their race.

40.     In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

41.     In or about the Summer of 2016, Plaintiff was informed that she had not be retained and/or hired by Defendant Aramark to work at Defendant UOP and she was not provided with any logical or legitimate reason as to why she had not be retained and/or hire.

42.     There were multiple other employees of SSC Service Solutions/Compass Group, USA who were also African-American (black) and were also not retained despite their skills, work ethic, and seniority.

43.     Non-black employees, who held the same or similar job as Plaintiff, were retained and other non-black individuals were also hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that African-American (black) employees of SSC Service Solutions/Compass Group, USA used to hold.

44.     Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminated from SSC Service Solutions/Compass Group, USA.

45.     Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group USA when Defendant Aramark was awarded the services contract with Defendant UOP.

46.     Plaintiff believes and therefore avers that she was not retained and/or hired by Defendants because of her race.

47.     These actions as aforesaid constitute unlawful discrimination under Section 1981.

**Third Cause of Action**
**Violations of Title VII**
**(Race Discrimination)**
**-Against Both Defendants-**

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

49.     While employed with Defendant UOP under the supervision of Ms. Sparks, Plaintiff, and other African-American (black) workers, were subjected to discriminatory treatment (discussed *supra*) because of their race.

50.     In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

51.    In or about the Summer of 2016, Plaintiff was informed that she had not be retained and/or hired by Defendant Aramark to work at Defendant UOP and she was not provided with any logical or legitimate reason as to why she had not be retained and/or hire.

52.    There were multiple other employees of SSC Service Solutions/Compass Group, USA who were also African-American (black) and were also not retained despite their skills, work ethic, and seniority.

53.    Non-black employees, who held the same or similar job as Plaintiff, were retained and other non-black individuals were also hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that African-American (black) employees of SSC Service Solutions/Compass Group, USA used to hold.

54.    Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminated from SSC Service Solutions/Compass Group, USA.

55.    Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group USA when Defendant Aramark was awarded the services contract with Defendant UOP.

56.    Plaintiff believes and therefore avers that she was not retained and/or hired by Defendants because of her race.

57.    These actions as aforesaid constitute unlawful discrimination under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.       Defendant are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C.       Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.       Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.       Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F.       is to be awarded the costs and expenses of this action and a reasonable attor  ovided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
         Ari R. Karpf, Esq.
         3331 Street Rd.
         Bldg. 2, Ste. 128
         Bensalem, PA 19020

Date: May 25, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

LAVERNA PEAY                                  :                    CIVIL ACTION

       v.                                              :

ARAMARK CORPORATION d/b/a                      :

ARAMARK FACILITIES, ET AL.                     :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| | | |
|---|---|---|
| 5/25/2017 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1 Jamie Court, Clemington, NJ 08021

Address of Defendant: 1101 Market Street, Philadelphia, PA 19107; 3101 Walnut Streeet, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　Yes☐　No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
　　Yes☐　No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
　　Yes☐　No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
　　Yes☐　No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
　　Yes☐　No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
　　(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
　　(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
　☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
　☐ Relief other than monetary damages is sought.

DATE: 5/25/2017　　　　Attorney-at-Law　　　　ARK2484　Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/25/2017　　　　Attorney-at-Law　　　　ARK2484　Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PEAY, LAVERNA

**DEFENDANTS**

ARAMARK CORPORATION d/b/a ARAMARK FACILITIES, ET AL

(b) County of Residence of First Listed Plaintiff  **Camden**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
             THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square,
Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment
      & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted
      Student Loans
      (Excludes Veterans)
☐ 153 Recovery of Overpayment
      of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product
      Liability
☐ 320 Assault, Libel &
      Slander
☐ 330 Federal Employers'
      Liability
☐ 340 Marine
☐ 345 Marine Product
      Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle
      Product Liability
☐ 360 Other Personal
      Injury
☐ 362 Personal Injury -
      Medical Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/
      Accommodations
☐ 445 Amer. w/Disabilities -
      Employment
☐ 446 Amer. w/Disabilities -
      Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury -
      Product Liability
☐ 367 Health Care/
      Pharmaceutical
      Personal Injury
      Product Liability
☐ 368 Asbestos Personal
      Injury Product
      Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
      Property Damage
☐ 385 Property Damage
      Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate
      Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee -
      Conditions of
      Confinement

### FORFEITURE/PENALTY

☐ 625 Drug Related Seizure
      of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards
      Act
☐ 720 Labor/Management
      Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical
      Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement
      Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration
      Actions

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal
      28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff
      or Defendant)
☐ 871 IRS—Third Party
      26 USC 7609

### OTHER STATUTES

☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and
      Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/
      Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information
      Act
☐ 896 Arbitration
☐ 899 Administrative Procedure
      Act/Review or Appeal of
      Agency Decision
☐ 950 Constitutionality of
      State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621), Title VII (42USC2000), 42USC1981
Brief description of cause:
Violations of the ADEA, Title VII, 42USC1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
5/25/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

[ Print ]    [ Save As... ]                                                              [ Reset ]